### John Carney *v.* David Dennison and Daniel Gore.

An officer may maintain an action against a principal, for goods sold on an execution to his agent, notwithstanding his return on the execution describes the sale to have been made to the individual who acted as agent,— the agency not having been disclosed at the time of purchase.

Assumpsit for goods sold and delivered. Plea, general issue.

On the trial, the plaintiff offered and read in evidence to the jury, a copy of a judgment in favor of Zachcus Walworth against Sylvester and Lund Bishop, and an execution issued thereon, with the return of the plaintiff, as a constable, on said execution, setting forth that he had levied the same, on certain property,—which he described in the return—and had sold the same to one Joel Houghton, for the sum of $390.

To establish his right of recovery for said property, against the defendants, the plaintiff then offered to prove that the said Joel Houghton acted as agent of the defendants, in bidding off the property ; but that the agency was not disclosed to the plaintiff at the time of the sale. To the admission of this testimony the defendants objected, and the court sustained the objection, and rejected the testimony ; to which the plaintiff excepted.

*J. S. Robinson* and *P. Isham,* for plaintiff.

It is claimed by the defendants, that the plaintiff is concluded by his return, endorsed upon the execution—which declares the sale to have been made to Houghton—from showing that it was made to the defendants, through Houghton as their agent. In every case, other than a bill, note or deed, parol evidence is admissible to show that a written

contract made by one as principal, was, in fact, made as agent. Ham. on Par. 59, n. 5 ; Chit. on Con. 105–6 ; *Bateman* v. *Phillips*, 15 East. 271 ; 7 Taunt. 295 ; 2 N. & P. 504. Does the return upon an execution form an exception to this rule? If so, it must be upon one or both of the following principles—either that the return contains an admission of a fact which operates by way of an estoppel *in pais*, or that parol evidence is inadmissible to contradict, vary, or add to the return. Upon neither of these principles should the evidence have been excluded. . Whenever written evidence is offered as containing an admission, parol evidence is admissible to explain it, or show that it originated in mistake. 3 Stark.1020 ; 8 Pick. 122.

The plaintiff might well suppose that Houghton was the principal, as he did not communicate the fact of his agency at the time of the sale. The return, therefore, originated in mistake, which the plaintiff is at liberty to show. 2 Cow. & Hill's Notes to Phil. Ev. 1091. Besides, the admission of a fact is conclusive, only, when others have been induced to act upon it, or the party making the admission has derived a credit or benefit to himself. 5 N. H. 453.

Whether parol evidence is admissible to contradict, vary or explain, the return, depends upon the question whether the return is conclusive, or only *prima facie*, evidence for, or against the officer. As a general rule the return is conclusive upon the parties in the suit ; and as it respects others, it is only *prima facie*. So when the fact stated in the return comes incidentally in question. *State* v. *Daggett et al*, 2 Aik. 148. In this case parol evidence was admitted to show the attachment of a boat which the officer had omitted to mention in his return. And in *Lewis* v. *Blair*, 1 N. H. 66, the court decided that the rule, that there can be no averment against the sheriff's return, is restricted to those cases in which the evidence is offered, " for the purpose of invalidating the sheriff's proceedings, or of defeating any right acquired by means of them."

*W. S. Southworth* and *A. P. Lyman*, for defendants.

I. In making sale of property on execution, the officer acts as a *mere servant of the law*. This case is unlike the cases, where the officer makes a contract in relation to the safe

BENNINGTON,
February,
1843.

Carney
v.
Dennison &
Gore.

Bennington,
February,
1843.

Carney
v.
Dennison &
Gore.

keeping of the property attached, and his right to make such contracts grows out of his liability to the parties to keep the goods safely.

It is the duty of the officer to sell for cash down and not otherwise. He need not deliver the property, until paid for, and if not paid for, he may put it up again for sale. *Winslow* v. *Loring*, 7 Mass. R. 392. And if removed before payment, he may sue in trespass or trover, for removing. The creditor may sue for the money, when the property is sold, whether the officer has been paid or not. 9 Johns. R. 96. It is against policy that the officer should be permitted to create liabilities to himself for goods sold on execution.

II. If the action can be sustained, was the evidence properly excluded? The plaintiff relied upon his return to show a sale—but it shows the sale to have been made to Joel Houghton. The return of the officer is conclusive against him. 2 Phil. Ev. 326; *Gardner* v. *Hosmer*, 6 Mass. 325; *Hathaway* v. *Goodrich*, 5 Vt. R. 65; 2 Cow. & Hill's Notes to Phil. Ev. 1090. It is admitted that, to this general rule, there are exceptions; but it would seem that of all cases this should fall within the rule, as the officer is the plaintiff—introduces his return to establish his case, and thus seeks to connect the defendants with this transaction by parol evidence. *Southwick et al.* v. *Weeks*, 3 Vt. R. 49.

The opinion of the court was delivered by

Royce, J.—It is first objected to the plaintiff's right of recovery, that an officer, selling goods upon execution, is not authorized to give credit, or part with the goods until the money is paid. But it is not perceived how, under the circumstances of this case, such an objection can be made to avail the defendants. The property was received under the purchase, and it does not appear that the purchaser's title has ever been questioned. It is therefore needless to discuss the strict powers of the officer, as a mere servant or minister of the law; for if any assent of the parties in interest was necessary to render the sale valid, the case furnishes sufficient ground for implying that such assent was given.

The remaining inquiry is, whether the plaintiff was entitled to prove that Houghton, who bid off the property, was but the agent of the defendants, and made the purchase for

BENNINGTON,
*February,*
1843.

Carvey
*v.*
Dennison &
Gore.

them. In reference to an ordinary sale, it has long been settled, that, unless the seller is apprised, at the time of the sale, that the ostensible purchaser is acting as the agent of another, he has an election, upon learning that fact, to resort for payment either to the principal or the agent. Nor is he deprived of such election by a mere notice that the buyer is purchasing for another, if the notice does not disclose the principal's name and place of residence. *Thompson* v. *Davenport,* 9 B. & C. 78. And I am aware of no recognized distinction, in this respect, between a sale at auction, whether under public or private authority, and ordinary sales.

In this instance the plaintiff had no intimation, until after the sale, that Houghton was puchasing for the defendants. Hence he was entitled to claim the benefit of the rule just laid down, unless he had precluded himself, by his return upon the execution, from proving that Houghton acted as an agent. It is held in this state, as in Massachusetts, that an officer's return of his doings, so far as it relates to acts which are strictly official, is conclusive, as between the parties to the process, and as against himself; it being thus far regarded in the nature of record evidence. But we think that no just application of the rule can extend it beyond the facts certified in the return. It has never, to our knowledge, been held to render the return conclusive as to mere inferences or presumptions upon which it was silent, though they were such as might properly arise from the facts returned. These are left to the operation of the common rules of evidence; and if, from their nature, they might ordinarily be explained or rebutted by evidence, they remain liable to be so met, notwithstanding the return. This is not to contradict the return, but merely to obviate an inference from it. We consider that, upon this ground, the evidence offered at the trial was admissible. Its object was not to disprove an ostensible sale of the property to Houghton, (and that was all that the return expressly alleged) but to show the capacity in which he acted in relation to these defendants. It would be inferred from the return, in the absence of other proof, that Houghton purchased in his own right; and to repel that inference the evidence was offered.

If it be said that the effect of the evidence would be to

make out a contract of sale between the plaintiff and these defendants, and that this is inconsistent with the language of the return, it may be answered, that such is the effect, and seeming inconsistency, in every case of sale to the agent of an unknown principal, against whom the seller afterwards seeks redress. In such a case there is never any credit originally given to the principal, nor any contract intentionally made with him ; for the very statement of such a case excludes the possibility of either. Yet, for the sake of justice, the law permits the seller to transfer the credit, and the obligations of the contract, from the person who actually contracted, to him for whose use and benefit the contract was made. The election of the seller to do this is justified, as against the principal, by the legal maxim, that what a man does through the instrumentality of another is deemed to be his own act ; and his election not to do it, but to hold the agent liable, is justified, as against the latter, on the ground that in making the contract, he wrongfully concealed his principal.

As, in our opinion, the county court erred in rejecting the evidence offered, the judgment below must be reversed.