### WARREN HEALD *v.* BENJAMIN B. SARGEANT.

An officer cannot be made a trespasser, *ab initio*, for an abuse of an authority, unless it be the same authority upon which was the original taking. Hence —

If an officer, in attaching the interest of one tenant in common, in an entire chattel, take possession of the chattel, and hold it, until the issuing of the execution, and then sell the entire property, and thus divest the interest of the other tenant, so as to amount to a conversion of his property in it, he does not, thereby, become a trespasser, *ab initio*.

THIS was an action of trespass, for taking a bureau, brought by appeal from a justice of the peace.

The defendant pleaded a special plea in bar, alleging that on the 19th of April, 1836, he attached said bureau, by virtue of a writ of attachment against one Samuel Walker, 2d, directed to him as constable of the town of Chester, which bureau was the joint property of the plaintiff and said Samuel Walker, each owning an undivided half thereof; that he returned said writ to the justice of the peace who issued the same, and that a judgment was rendered thereon, against said Walker; that a writ of execution was, thereupon, issued on said judgment, against Walker, and put into the hands of the defendant, as constable as aforesaid; that he safely kept said bureau, and advertised it more than fourteen days, and sold the same at public vendue to the highest bidder, and thereupon duly returned said execution to the justice who issued the same—which, he alleged, was the same supposed trespass in the plaintiff's declaration mentioned.

To this plea the plaintiff replied that, at the time of the taking of said bureau by the defendant, the said Samuel Walker was not the owner of one undivided half, or any portion thereof. Issue to the country. Verdict for defendant.

After verdict, the plaintiff moved for judgment notwith-

standing the verdict, upon the ground that the verdict was rendered upon an immaterial issue ; which motion the court overruled.

The plaintiff then moved that the judgment be arrested, on the ground of the insufficiency of the defendant's plea in bar ; which motion was also overruled.

To the decisions of the court, overruling the said motions, the plaintiff excepted.

*N. Richardson*, for plaintiff.

The plaintiff insists that, from the whole record, he is entitled to a judgment.

I. It appears, from the defendant's plea in bar, that the bureau was the property of the plaintiff and Walker, — each owning one undivided half thereof, and that defendant attached the whole upon the writ, as the property of said Walker, and sold the whole upon the execution. The defendant held the plaintiff's interest in the bureau, in his possession, by operation of law. He had a right to take and retain the possession of it, till the sale ; but the sale of the plaintiff's interest, was an abuse of his authority, which rendered him a trespasser *ab initio.* 6 Comyn's Dig. 382, ( c. 2,) and authorities there cited ; *Melvill* v. *Brown*, 15 Mass. R. 82 ; *Weld* v. *Oliver*, 21 Pick. R. 539 ; 2 Kent's Com. 350, note a, and authorities there cited ; 1 Chitty's Pl. 173 ; *Reed et al.* v. *Root*, 2. Vt R. 120 ; *Lamb* v. *Day & Peck*, 8 Vt. R. 407 ; 3 Stark. Ev. 4th part, 1444, 1445 ; *Ladd* v. *Hill*, 4 Vt. R. 164.

II. When the plea in bar is bad, in substance, and it appears from the whole record that the party, against whom there has been a verdict, is entitled to a judgment, the court will render a judgment *non obstante veredicto.* Such, we insist, is the present case. Stephens' Pl. 96, 120, 144–5–6 –7 ; 1 Swift's Dig. 779, 780, and authorities there cited ; 2 Strang. R. 873.

*D. Kellogg*, for defendant.

It is evident, from the record in this cause, that the plaintiff proceeded upon the ground that he was sole owner of the bureau, inasmuch as he traversed his tenancy in common with Walker, and claimed, *therefore*, that the defendant was

a trespasser for the original taking. But the verdict of the jury has settled the fact that the plaintiff was tenant in common with Walker, thereby establishing the defendant's justification for the act of taking.

The plaintiff now asks for judgment, because it appears by the defendant's plea, that he sold the entire chattel, and contends that this made him a trespasser *ab initio.* If it be conceded that such sale did make the officer a trespasser *ab initio,* the plaintiff would not be entitled to a judgment, for it is well settled that wherever the plaintiff relies on showing the abuse of an authority in law, as a distinct trespass, and the original act is justified, by the plea, the plaintiff must reply, or new assign the abuse; otherwise he cannot avail himself of it. *Tayler* v. *Cole,* 3 T. R. 292; Ham. *Ni. Pri.* 127; 2 Tyler's R. 70.

A contrary doctrine would be manifestly unjust. The defendant honestly supposing that the plaintiff is going for the original act, justifies that, by his plea; and the plaintiff, by traversing the plea, admits that it is the original act of which he complains, and the jury find the justification true. Now, to permit the plaintiff to say that it was for another act that he brought his suit, would be a complete surprise upon the defendant, and he would be deprived of making any defence to such new complaint. A variety of defences to it might easily be conceived—such as a sale of the plaintiff's right after attachment, and before sale; the plaintiff's assent to the sale; the defendant's ignorance of the plaintiff's title until after the sale; a mistake of the pleader in drawing his plea, and the like. But, in the second place, it is insisted, that the sale did not make the defendant a trespasser *ab initio. Smith* v. *Mills,* 1 Term R. 475. It has never been decided that a sale by a co-tenant, of the entire chattel, held in common, would render him liable to his co-tenant in trespass; and the weight of authority, at this day, is, that trover even would not lie. *Welch* v. *Clark,* 12 Vt. R. 681. This act of the officer did not tend to oppress or aggrieve the plaintiff. Ham. N. P. 59. The plaintiff's title was not affected by the sale. *Petingill* v. *Bartlett,* 1 N. H. R. 87; *Cooper* v. *Chitty,* 1 Burr. R. 22; *Hayden* v. *Hayden,* 1 Salk. R. 392; *Shearick* v. *Huber,* 6 Binney's R.; Yelv. R. 180, note *a.*; *Carter* v. *Simpson,* 7 Johns. R. 535;

1 Chitty's Pl. 92, 196; *Young* v. *Marshall*, 21 C. L. R. 215; 8 Mass. R. 521; 14 do. 500; *Farrant* v. *Thompson*, 3 Starkie R. 130; 2 D. & R. Rep. 1.

The plaintiff had neither the possession nor the right of possession. *Welch* v. *Clark*, 12 Vt. R. 681.

Windsor,
*February,*
1843.

Heald
*v.*
Sargeant.

The opinion of the court was delivered by

Redfield, J.—Many questions have been moved by the counsel in the discussion of this case, which we are not prepared to determine. In the case of *Ladd* v. *Hill*, 4 Vt. 164, it would seem to have been determined, that a sale upon execution of the entire chattel, although upon the debt of but one of the tenants in common, did devest the title of the other tenant, and was, in law, a conversion of his interest. Where the taking was on the execution, the sale would, in that view, be such an abuse of the authority, as would make the officer a trespasser *ab initio.* We are now asked to extend the same rule so as to make the taking upon the original writ a trespass. The case of *Melville* v. *Brown*, as understood by the same court in *Weld* v. *Oliver*, 21 Pick. 559, would seem to be an authority to that extent. But the case, as reported, only shows a taking on the same process, on which the sale was made. It does not seem to have been much considered, by court or counsel, and being a mere abstract of the point decided, cannot be much relied upon, as an authority. And it being a well settled point, that the attachment of the whole property, and the whole proceedings, under the first process, were legal and regular, we could not make the officer a *trespasser* for any irregularity in the sale upon the execution, which is a distinct matter. To make an officer a trespasser *ab initio*, he must abuse the *same* authority upon which was the original taking. The entire doctrine of making officers trespassers by relation, for an abuse of authority in law, rests upon not well defined ground, which commends itself to our sense either of reason or justice. It is but a technical rule of law, and one, which it would be almost absurd, and wholly unjustifiable, to extend the length now asked for. The view we have here taken of this point, renders it unnecessary to go further in the case.

Judgment affirmed.