N. W. Braley and D. P. Walworth, administrators of B. W. Bartholomew, *v.* Daniel Burnham.

*Evidence. Pleading. Practice.*

In trespass *de bonis*, defendant justified under a tax-bill and warrant. Replication, *de injuria*. The plea alleged that the intestate had a list. *Held*, that the grand list, made in proper form and duly authenticated, was all the evidence required to support that allegation so traversed; and that as evidence of notice to the intestate of his assessment, offered by the defendant, was outside the issue, and therefore impertinent, the plaintiffs could no more avail themselves of such evidence, than prove the notice.

Trespass for wool. Plea, the general issue, and justification under a tax-bill and warrant. Replication, *de injuria*, and joinder. Trial by jury, June term, 1874, Peck, J., presiding.

The plea alleged, among other things, that on the 24th of May, 1869, the intestate had a list in the town of Chelsea, to the amount of $78.78. At the trial, the plaintiff gave evidence tending to prove the taking and carrying away of the wool as alleged. The defendant produced Josiah Pitkin, one of the listers of said Chelsea for 1869, as a witness, who testified that he notified the intestate of his assessment, by a written notice, signed by the listers, stating that they had assessed the intestate in the list of 1869, in the sum of $76.87. The witness also testified that no other notice of the assessment was given. The defendant also produced

the grand list of the town for 1869, by which it duly appeared that the intestate was assessed for that year, in said last-named sum, in which sum, as appeared in evidence, he had been assessed the two previous years. The plaintiff then offered said notice in evidence, to the admission of which the defendant objected, for that the sufficiency of the notice was not in issue   The plaintiff moved for a verdict on the ground that the listers had not notified the intestate of the sum in which he was assessed, and of the time when and place where they would hear persons aggrieved by the assessment; but the court, overruling the motion, ordered the cause to proceed, and ruled that for the purposes of that trial, the notice was sufficient; to which the plaintiffs excepted. Verdict for the defendant.

*H. A. White*, *D. C. Denison*, and *J. W. Rowell*, for the plaintiffs.

Two questions are raised by the exceptions : first, whether the validity of the notice to the intestate, of his assessment, is raised by the pleadings ; and second, whether, if its validity is raised, the notice was sufficient.

I.   As to whether the validity of the notice is raised by the pleadings.   It is a general rule, that whenever a person justifies a taking under any authority whatever, he must show every matter and part of the authority under which he justifies.   Per TURNER, J., in *Bates* v. *Hazeltine et al.* 1 Vt. 81, 83.   A tax-bill and warrant are not, of themselves, a sufficient justification to a collector for distraining property ; he must show that all previous proceedings were legal.   *Collamer* v. *Drury*, 16 Vt. 574 ; *Downing* v. *Roberts*, 21 Vt. 441 ; *Read* v. *Jamaica*, 40 Vt. 629, 632.   The plea of justification alleges, that on the 24th of May, 1869, the intestate had a list in the town of Chelsea, to the amount of $78.78.   This is a material allegation : without it, the plea would be obnoxious to a general demurrer ; and without proof of it, the defendant's justification would fail ; for if the intestate had no list in town, he would not be taxable there.   *De injuria* is the proper replication to the second plea, at common

law.  It was so held by a majority of the King's Bench, in *Selby*
v. *Bardons*, 3 B. & Ad. 2, and subsequently by the Exchequer
Chamber in the same case, 9 Bing. 756 ; and it is peculiarly ap-
propriate as a " denial," under § 16, ch. 33, of the Gen. Sts.,
whereby it is enacted that, " the party against whom matter is
specially pleaded in confession and avoidance, in answer to mat-
ter by him antecedently alleged, may, by a general form of de-
nial, traverse and put in issue all the material facts so pleaded by
the other party."  *Austin* v. *Chittenden*, 32 Vt. 168 ; *Paddock*
v. *Jones*, 40 Vt. 474.

*De injuria*, at common law, puts in issue all the material alle-
gations of the plea, 1 Chit. Pl. 606 ; and under our statute, it
"puts in issue all the material facts so pleaded by the other
party."  Hence, every element which goes to make a legal grand
list, was put in issue by the replication ; and the burden of prov-
ing that the intestate had such a grand list in town in the year
1869, was upon the defendant, as an essential element of his jus-
tification ; and he gave evidence tending to prove it, and intro-
duced the witness Pitkin, to show that notice was given to the in-
testate of his assessment; and it was necessary for the defendant
to show that such notice was given.  Whether it was necessary
for him to give *direct* evidence of that fact, or whether the pro-
duction of the grand list, regular upon its face, and showing that
the intestate was therein assessed in the amount alleged in the
plea, was sufficient *prima-facia* evidence of the fact,—is not mate-
rial, as, in either case, he gives evidence tending to show notice ;
and in either case, the plaintiff may countervail and overcome such
evidence, by showing that the notice was insufficient, as was done
in this case.

II.   The notice was sufficient.

*Hebards*, for the defendant.

On the trial, all the allegations of the plea were proved to be
true ; and among other things, a list was proved to exist that was
good and sufficient upon the face of it, and that is all the defend-
ant was required to do.   *Gage* v. *Barnes*, 11 Vt. 195 ; *Wilson* v.
*Seavey*, 38 Vt. 221 ; *Macomber* v. *Center*, 44 Vt. 235.

The defendant justified by the authority given him by law, and the plea sets it out. When the plea contains matter of justification derived from the authority of law, the plaintiff must reply specially; and the replication *de injuria*, is not a good answer to the plea. 1 Chit. Pl. 564; Gould Pl. 389, *et seq ; Hyatt* v. *Wood*, 4 Johns. 150; *Lyttle* v. *Lee & Ruggles*, 5 Johns. 112; *Collier* v. *Moulton*, 7 Johns. 109; *Soms* v. *Kitchin*, 1 B. & P. 76; *Griswold* v. *Sedgwick*, 1 Wend. 526; *Colman* v. *Hopkins*, 4 Wend. 577; *Oystend* v. *Moulton*, 12 Mass. 506; *Crogate's Case*, 8 Co. [66 b]; s. c. & note, 1 Smith Lead. Cas. [*200]; Six Carpenters' Case, 8 Co. [146 a]. Therefore, all that was in the case that tended to show a want of proper notice, was merely surplusage, and had nothing to do with the case, as it was no part of the issue.

But we insist that the defendant was justified irrespective of the pleadings. He was acting in an official capacity, under the authority of law, and the tax bill and warrant, and all the previous proceedings upon which they were predicated, were shown to be good and sufficient upon their face, as alleged in the plea. *Gage* v. *Barnes*, 11 Vt. 195.

The opinion of the court was delivered by

POWERS, J. No objection to the replication by way of demurrer or otherwise, was taken in the court below, but the trial proceeded upon the ground that it put in issue the material averment in the plea that the intestate, on the 24th of May, 1869, had a list, &c. We think the grand list, made in proper form and duly authenticated, is all the evidence required of the defendant to support the issue made by a traverse of his averment that the tax-payer had a list. If the plaintiff would put the defendant to further proof as to the legality and validity of such listing of the intestate, he should have replied specially to that averment, setting forth the failure of the listers to give the notice required by statute. The making up of a grand list, is the work of sworn officers; and the list when made carries on its face the presumption of regularity in the steps leading to its execution. The evidence offered by the defendant, was outside the issue, as the parties made it; and, as under the pleadings the plaintiff could not have proved the notice,

he cannot avail himself of the defendant's proof, because it was impertinent.

There was no waiver or abandonment of the issue made by the pleadings, and no consent by counsel, or by the court, that the issue so made should be waived or superceded in view of the evidence that was offered. We discover no error in the trial below, therefore

Judgment affirmed.