CHARLES S. GEORGE v. ROYAL F. WEST AND CHARLES HANSON.

*Pleading. Replication* de injuria.

Trespass for sheep; plea that they were taken damage feasant and impounded, and that defendant gave plaintiff notice thereof within twenty-four hours; replication *de injuria.* After defendant had introduced evidence tending to support the allegations of the plea, plaintiff offered to prove that after the sheep were impounded defendant procured the sheep to be appraised, and advertised and sold them in his own name. *Held,* that as the replication only put in issue the matters alleged in the plea, the evidence offered was outside the issue and inadmissible.

TRESPASS for eight sheep and five lambs. Plea, general issue, and plea alleging that the sheep, &c., were taken in the inclosure of West, damage feasant, by Hanson, who was employed in that behalf by West, and by West driven to a common pound and there impounded, and that within twenty-four hours West gave the plaintiff notice thereof. Replication *de injuria.* Trial by jury, June Term, 1878, POWERS, J., presiding.

The plaintiff introduced evidence tending to prove the alleged taking, and rested. The defendants then introduced evidence tending to prove that the sheep, when taken, were wrongfully in West's inclosure, and evidence tending to prove the other allegations of the plea, and rested. The plaintiff then offered to prove that after the sheep were impounded West proceeded not in accordance with the statute, but procured the sheep, &c., to be appraised, and advertised and sold them in his own name. To that the defendants objected for that under the replication the plaintiff could introduce only evidence denying the allegations of the special plea; but the court overruled the objection and admitted the evidence; to which the defendants excepted. It was conceded that the proceedings as to impounding and notice were legal as far as set forth by the special plea. After the evidence was all in the plaintiff, by leave of court, became nonsuit as to Hanson. The court then directed a verdict against West, and

submitted to the jury the question whether the sheep, &c., were wrongfully in West's inclosure, which the jury answered in the affirmative.

*S. B. Hebard*, for the defendant.

The admission of evidence to prove irregularities subsequent to the notice was erroneous. The replication was simply a denial of what was alleged in the plea. There was no other issue, and to make any other the plaintiff should have replied specially. On the issue joined, the matter there alleged was a justification. *Braley* v. *Burnham*, 47 Vt. 717 ; *Collier* v. *Moulton*, 7 Johns. 109 ; 1 Chit. Pl. 564, *et seq.* ; *Oystead* v. *Shed*, 12 Mass. 505.

As the plea was good the replication was bad. *Griswold* v. *Sedgwick*, 1 Wend. 126 ; *Coburn* v. *Hopkins*, 4 Wend. 577 ; *Hyatt* v. *Wood*, 4 Johns. 150 ; *Lytle* v. *Lee*, 5 Johns. 112 ; 1 Chit. Pl. 565.

*Clarke & Austin*, for the plaintiff.

The evidence was properly admitted. The pith of the replication *de injuria* is in the averment that the defendant " did the act of his own wrong," and if the plaintiff be not permitted to prove the wrongful act, that averment is without meaning.

The declaration averred not only a taking but a conversion. The plea sought to justify the taking. The replication denied the justification and alleged a wrong on the part of the defendant; and under that allegation it was proper to show a subsequent conversion. It would seem proper to prove that the defendant took the property for the purpose of converting it instead of for the lawful purpose alleged in the plea ; for, if in the end he did convert it, the presumption is that he took it for that purpose.

The opinion of the court was delivered by

Ross; J. The question raised is, whether, on the pleadings, the plaintiff in rebuttal had the right to introduce evidence to show that the defendant, after having taken the sheep damage feasant, and having regularly impounded them agreeably to the statute and his second plea in bar, had so conducted in the sale of the

George *v.* West.

sheep, as to make himself a trespasser *ab initio*. The defendant's plea in bar purports to cover and justify all the trespasses declared for, and the facts therein alleged, if found true, would furnish a full justification for the original taking and impounding of the sheep. The replication *de injuria sua propria, absque tali causa*, in terms denied and put in issue the facts set forth in the plea, and nothing more. The plea having set forth a justification of the entire cause of action, it is questionable whether the replication *de injuria* would not be held insufficient on demurrer. But as long as the defendant was content to go to trial on the issue made by that replication, the plaintiff cannot be allowed to enlarge the scope of the trial by the introduction of testimony outside of the issue thus presented by him. To allow him such privilege would operate to surprise the defendant, who was only called upon to produce evidence for the trial of the issue joined. If the plaintiff would have secured to himself the right to put in issue other facts in avoidance of those brought upon the record by the plea, he should have embodied such facts in a special replication. 1 Chit. Pl. 564, *et seq.* On the issue joined, the plaintiff had limited himself to a denial of the facts alleged in the plea ; and it was error in the County Court to allow him to travel outside of the issue joined, and introduce testimony to show that the defendant had, by subsequent proceedings, made himself a trespasser *ab initio*.

*Judgment reversed, and cause remanded, with leave to the defendant to replead on the usual terms.*