## ROYAL E. BENTLEY v. JESSE WHITE.

*Attachment.    Trespass.    Officer's Return.    Parol Evidence.*

1. To make an officer a trespasser *ab initio*, the wrongful act must be done to the property itself, not to the fund realized from a legal sale; thus, where an officer attached property on a justice writ, and while the case was pending on appeal in the County Court, by request of the creditor, under the R. L., s. 1199, he sold it, but made *his return to the magistrate* instead of the *county clerk*, the attachment, sale and application of the funds being legal, such officer was not a trespasser *ab initio*.

2. And this is so although the officer should have made his return to the clerk of the County Court.

3. When an officer's return of the sale of property sold on the writ by request of the creditor does not state specifically that notice was given to the debtor as required by the R. L., s. 1194, parol evidence is admissible to prove that such notice was given.

4. R. L., s. 1199, sale of property on writ; s. 1200, officer's return, construed.

HEARD by the court on an agreed statement, December Term, 1881, ROYCE, J., presiding. Trespass, trover and trespass on the case, for the conversion of one mare, colt and four cows. Judgment for the defendant. The case appears in the opinion.

*Chas. F. Kingsley*, for the plaintiff.

As a sale on mesne process a return was necessary. Hilliard on Mort. 200 ; 53 Vt. 109 ; 49 Vt. 98 ; 52 Vt. 343. An officer cannot justify by a parol return when it is his duty to return his doings in writing. 9 Mass. 247 ; 3 Bl. Com. 336 ; Green. Ev. s. 86 ; 6 Gray, 237 ; 14 Mass. 123 ; 7 Mass. 388 ; 6 Cush. 244 ; 5 Met. 517 ; 21 Pick. 187 ; 6 Pick. 455 ; 9 Pick. 14 ; 16 Pick. 14 ; 48 Vt. 403 ; 18 Vt. 67 ; 26 Vt. 750 ; 6 Vt. 66 ; 4 Vt. 182 ; 12 Vt. 195. The return is defective in substance. No notice of the application for sale was given to the plaintiff. 37 Vt. 289 ; 13 Mass. 483 ; 19 Vt. 451 ; 33 Vt. 13 ; 2 Hilliard Torts, 190.

*Ormsbee & Briggs*, for the defendant.

In *Fitzpatrick* v. *Peabody*, 51 Vt. 198, the court refer to *Hall* v. *Miller*, 15 Vt. 211 ; to *Hall* v. *Ray*, 40 Vt. 576 ; 7 Vt.

92, and *Mead* v. *Deane*, 20 Vt. 612, and say that it is true that by the officer's return in these cases the sales appeared to have been regular, but the facts were allowed to be shown, and the decisions were placed upon the facts shown, i. e., facts shown outside the returns, and in addition to, if not modification of the contents of the return as made by the officer.

Officers are not estopped by their returns from proving facts not therein contained. 2 Mass. Dig. p. 3942, s. 48 ; 9 Pick. 67 ; 14 Pick. 332 ; 52 Vt. 297 ; 1 Allen, 541 ; 17 Mass. 601.

In no event can the plaintiff recover in this action. The acts complained of are at the most purely those of *nonfeasance ;* and if this defendant is liable at all, it would be only in a special action on the case against him as such constable, and then only liable for the damage actually suffered by the plaintiff. 19 Vt. 557 ; 26 Vt. 557 ; 25 Vt. 674; 21 Vt. 151.

The opinion of the court was delivered by

VEAZEY, J. The defendant as constable attached upon a writ of attachment returnable before a justice of the peace the property in question, to wit: a mare and colt and four cows. This property was held by the defendant until after judgment had been rendered in the justice court and the case appealed. After the appeal and while the case was pending in the County Court, upon request of the attaching creditor, the defendant as such officer sold the property under section 1199 of the Revised Laws, and made return of the sale to the magistrate instead of the clerk of the court in which the suit was then pending.

Section 1200 of the Revised Laws is as follows :

" When an officer sells property as provided in the preceding section, he shall forthwith make a return of his doings and sale to the clerk of the court, or to the magistrate before whom the process is pending, and such return shall be appended to and made a part of the officer's return on said process."

The defendant insists that the last clause of this statute necessitates that the return of the sale be made to the magistrate even after the appeal, notwithstanding the previous provisions of the section. We think this is not the correct view. After the appeal

the magistrate has nothing further to do with the case. He could pass on none of the questions that might arise on the sale. Many reasons occur why the return should be to the court where the cause is pending; none why it should be to the former tribunal. The appeal record would contain a copy of the officer's return on the original process; and this copy may properly be considered, for this purpose, the officer's return to which the return of the sale may be appended. This construction secures the purpose and advantage of the statute, and conforms to the plain language previous to the last sentence.

II. The return of the sale does not state specifically that notice was given to the debtor as required by section 1194 R. L.; but the agreed statement shows that notice was in fact given. It is now insisted that if the return does not show that the officer complied specifically with every requirement of the statute, he is to be precluded from proving it by parol, and must be held a trespasser. The return so far as it bears on the point of notice, is as follows: " Request having been made to me in writing by the plaintiff in said suit to sell the property attached on said writ as soon as may be, to wit: four cows and one mare and one colt, in accordance with the statute in such case made and provided ; in compliance with said request, I, at," &c. The return then shows that every act was done which is required by the statute to be done, except there is no specific statement that written notice was given to the debtor. There are cases where an officer is not estopped by his return from proving facts not therein contained. *Hovey* v. *Lowell*, 9 Pick. 67 ; *Townsend* v. *Newell*, 14 Pick. 332; *Carney* v. *Dennison & Gove*, 15 Vt. 400.

The proposition in this case is not to contradict the return, but to prove an act consistent with the return, and the proof of which would promote justice and defeat injustice between the parties, and would work no injury to any other party.

We think it was proper to show the fact, and upon the ground stated by Judge ROYCE in *Carney* v. *Dennison & Gove, supra*. He says : " It is held in this State, as in Massachusetts, that an officer's return of his doings, so far as it relates to acts which are

Bentley *v.* White.

strictly official, is conclusive, as between the parties to the process, and as against himself; it being thus far regarded in the nature of record evidence. But we think that no just application of the rule can extend it beyond the facts certified in the return. It has never, to our knowledge, been held to render the return conclusive as to mere inferences or presumptions upon which it was silent, though they were such as might properly arise from the facts returned. These are left to the operation of the common-law rules of evidence ; and if, from their nature, they might ordinarily be explained ·or rebutted by evidence, they remain liable to be so met, notwithstanding the return. This is not to contradict the return, but merely to obviate an inference from it."

Without attempting to lay down a general rule as to the extent to which this principle may properly be applied, we think it should be applied in behalf of the defendant in this case upon the facts stated.

III. The case shows that the taking and sale of the property was legal in all respects. The only error of the officer was in making his return, after the sale, to the magistrate instead of the clerk. It shows also that the officer properly applied the proceeds of the sale, as far as required, and tendered the balance to the debtor. The defendant was not a wrong doer in the taking or sale of the property. He did nothing afterwards to make him a trespasser *ab initio*. The plaintiff could therefore only rightfully complain of a misuse of the proceeds of the sale. It appears that there was no misuse ; and there is no ground of recovery in this action for conversion. *Abbott* v. *Kimball et al.*, 19 Vt. 551; *Hyde* v. *Cooper*, 26 Vt. 557 ; *Stoughton* v. *Mott*, 25 Vt. 674. " To make an officer a trespasser *ab initio*, the wrongful act must· be done to the property itself, not to the fund realized from a legal sale " ; *Wilson* v. *Seavey*, 38 Vt. 221; *Heald* v. *Sargeant*, 15 Vt. 506.

The judgment of the County Court is affirmed.