## JOHN CLARK v. OSCAR DOWNING.

*Trespass.    Assault.    Replication* de injuria.    *Evidence.*

1. Action, trespass; pleas, 1st, general issue; 2d, *son assault demesne;* 3d, defence of
   defendant's possession.  Replication to the 2d and 3d pleas *de injuria*, without
   justification under a search warrant.  *Held,* that the search warrant was not
   admissible evidence.
2. It may be an assault if one strike a horse attached to a wagon in which another
   person is sitting.[*]

TRESPASS for assault and battery.  Pleas: 1st, general issue ;
2d, *son assault demesne* ; 3d, defence of the defendant's posses-
sion.  Trial by jury, December Term, Orange County, POWERS,
J., presiding.  Verdict for the defendant.

The third plea set forth that the plaintiff's horse was wrongfully
in and upon the defendant's land doing damage, &c. ; that the de-
fendant requested the plaintiff to take away and remove the horse ;
that the plaintiff refused so to do ; that the said beating of the
horse, &c., was done in defence of his said land, in order to re-
move said horse, doing no unnecessary damage.  Replication to
the second and third pleas *de injuria*, without justification under
a search warrant.

On trial the plaintiff's evidence tended to show that five turkeys
had been stolen from his barn on the night before the 23d of
August, 1880 ; that the plaintiff had reason to believe and did be-
lieve that the defendant had stolen them ; that he procured a
search warrant in due form of law, and put it into the hands of a
sheriff to serve ; that the sheriff took the plaintiff and his two
daughters with him to identify the property if found, and went to
the defendant's house ; that the defendant upon their arrival in-

[*] See *Dodwell* v. *Burford,* 1 Mod. 24;  Addison Torts. s. 790, 797; and *Collins* v. *Ren-
ison,* Say. Rep. 138, stated in *Gregory* v. *Hill,* 8 Term, 299, where the over-
turning of a ladder on which the plaintiff was standing was held unjustifiable,
although the ladder had been erected by the plaintiff on the defendant's own land.
—REP.

vited the plaintiff and his daughters into the house ; that plaintiff did not go in, but hitched his horse to the fence near the house ; that the sheriff informed the defendant what his business was, and at this he became enraged at the plaintiff, and used violent language towards him ; that the sheriff, plaintiff and defendant went in company to the defendant's barn yard, and then the defendant refused to allow the plaintiff to aid in searching his barn with the officer. Upon this the plaintiff inquired of the officer if he had not a right to be there to identify his property. The officer then told him to go back to his team. He did so ; and in about thirty minutes the defendant and sheriff went down where the plaintiff was, and immediately the defendant caught hold of the plaintiff's shoulder, twitched him around, and threw him down upon the ground. At this time the defendant's wife came out of the house, took hold of her husband and told him not to hurt the plaintiff. Whereupon the defendant told him to leave his premises ; and the plaintiff replied that he would as soon as he could ; and he immediately started for his horse, unhitched it, and he and his daughters got into the wagon, and were going away, when the defendant caught hold of the horse, kicked it, and struck it over the back several times with a board. The defendant's evidence tended to show that he ordered the plaintiff away from his premises before he went to the barn, and to contradict the plaintiff's testimony.

The plaintiff offered said search warrant and officer's return ; to the admission of which the defendant objected, on the ground that the plaintiff did not plead it in justification ; and the court excluded it. The plaintiff requested the court to charge the jury, that if they found that when the defendant ordered the plaintiff to leave, and he was using all reasonable diligence to leave, and had got into his wagon with his daughters, and was going away, and the defendant, while the plaintiff was in the wagon and in the act of leaving the defendant's premises, did·strike the plaintiff's horse, as plaintiff's testimony tended to show, this would be an assault upon the plaintiff, for which he would be entitled to recover. The court refused so to charge ; but did charge that beating the horse was an aggravation of the assault upon the plaintiff, if he was assaulted ; but as an independent act, it was not a personal assault

for which alone recovery could be had ; that under the declaration recovery could be had for beating the horse only in case the jury found the plaintiff was personally assaulted.

*A. M. Dickey* and *G. A. Dickey*, for the plaintiff.

The court erred in charging the jury. Striking the horse was an assault. Hilliard Torts (4th Ed.), 192. Striking one's cane while in his hand is an assault. 3 C. & P. 373 ; 1 Dall. 123 ; 1 Hill (N. Y.), 46.

*R. M. Harvey* and *J. R. Darling*, for the defendant.

The search warrant under the pleadings not admissible. 52 Vt. 645 ; 47 Vt. 717 ; 2 Wm. Bl. 1165 ; 5 Cow. 181 ; 12 Mass. 505. Striking the horse not an assault. 22 Barb. 94 ; 43 Ind. 146.

The opinion of the court was delivered by

ROYCE, Ch. J. This was an action of trespass for an assault and battery. The first exception taken was to the ruling of the court excluding the search warrant as evidence. The plaintiff claims that under his replication of *de injuria* it was admissible.

The replication of *de injuria* puts in issue all the material allegations of the plea. If the plaintiff wished to avail himself of the search-warrant as a justification, he should have alleged it in his replication, so that an issue might have been made upon that allegation. There was no error in excluding it. Chit. Pl. 564 ; *George* v. *West*, 52 Vt. 645 ; *Braley* v. *Walworth and Burnham*, 47 Vt. 717.

The only other exception taken was to the refusal of the court to charge as requested. The evidence referred to in the exceptions, and upon which the request was predicated, and the question of what in law constitutes an assault, have to be considered in deciding whether the request should have been complied with or not. It appears that the evidence as to what transpired at the time and upon the occasion when it was claimed that the assault was committed was conflicting, and the request was based upon the supposition that the jury might find the facts as the plaintiff's evidence tended to show.

Admitting that the jury might so find, did the striking of the plaintiff's horse constitute an assault upon the plaintiff? It is not necessary to constitute an assault that any actual violence be done to the person. If the party threatening the assault have the ability, means, and apparent intention, to carry his threat into execution, it may in law constitute an assault. The disposition, accompanied with a present ability to use violence, has been held to amount to an assault. Where violence is used it is not indispensably necessary that it should be to the person. It was decided in *Hopper* v. *Reeve*, 7 Taunt. 698, that the upsetting of a chair or carriage in which a person was sitting was an assault; in *Mortin* v. *Shoppe*, 3 C. & P. 373, that riding after a person at a quick pace and compelling him to run into his garden to avoid being beaten was an assault; that the striking of the horse upon which the wife of the plaintiff was riding was an assault upon the wife. 1 Stephens, N. P. 210.

An assault is defined in *Hays* v. *The People*, 1 Hill, 351, to be an attempt with force or violence to do a corporal injury to another. The striking of the plaintiff's horse in the manner that his evidence tended to show would probably result in a corporal injury to him; hence, the request should have been complied with.

The case should have been submitted to the jury for them to find whether the striking was as the plaintiff claimed it to have been, or in the manner and for the reasons indicated in the defendant's plea.

Judgment reversed, and cause remanded.