ITHIEL T. JOHNSON *v.* WILLIAM G. JONES.

November Term, 1910.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed November 9, 1910.

*Trespass — Justifications— Taxation — Tax Bill — Quadrennial Appraisal—Sufficiency of Plea.*

In an action of trespass, where plaintiff traverses defendant's plea justifying under a tax bill and warrant based on a designated quadrennial appraisal, in respect of that appraisal defendant need prove only a quadrennial appraisal good on its face.

In an action of trespass, a plea justifying under a tax bill and warrant based on a designated quadrennial appraisal, but without showing the appraisal to be good on its face, is bad, on demurrer.

To be good against a demurrer, a plea need allege only the facts necessary to be proved on traverse thereof; whereupon, if plaintiff wishes to force defendant further to prove the validity of his plea, resort must be had to an appropriate replication.

TRESPASS *de bonis*. Plea, the general issue and a special plea justifying under a tax bill and warrant based on a designated quadrennial appraisal. Heard on special demurrer to the special plea, at the June Term, 1910, Windsor County, *Taylor*, J., presiding. Demurrer overruled, *pro forma*, and plea adjudged sufficient. The plaintiff excepted. The opinion states the case.

*Davis & Davis* for the plaintiff.

The plea is bad. It must allege all that defendant would have to prove on traverse thereof; and the burden is on him to prove the regularity and validity of every act necessary to the validity of the tax, the levy, and the sale. *Brush* v. *Wilson*, 81 Vt. 46; *Meacham* v. *Newport*, 70 Vt. 264; *Houghton* v. *Hall*, 47 Vt. 333.

*W. E. Tracy* for the defendant.

The plea is good, because under it defendant need only prove a grand list and warrant that are respectively good on their face. The Court said, in *Shaw* v. *Peckett et als.* 25 Vt. page 423, "all that is necessary is a legal vote of the tax, a legal assessment and a legal list and legal proceedings in their collection." In the case of *Wilson* v. *Seavey*, 38 Vt. page 221, the Court, Peck Judge, said, that the defendant was not bound to produce the grand list of the year that the quadrennial was taken.

ROWELL, C. J. This is trespass *de bonis.* The defendant justifies under a tax bill and warrant. The plea alleges that on such a day in 1907, the plaintiff had a grand list of so much on land in the town of Johnson, "the same having been taken from the quadrennial appraisal of said property in the year 1906 as filed in Johnson town clerk's office."

The plaintiff demurs to the plea for that it does not set forth that said appraisal was made in strict compliance in all respects with the statute then in force.

Had the plea been traversed, it would have been enough for the defendant to prove a quadrennial appraisal good on its face; for such an appraisal, being made by sworn officers elected for that purpose, would be taken to be valid until the contrary appeared: *Wilson* v. *Seavey*, 38 Vt. 221; *Braley* v. *Burnham*, 47 Vt. 717.

But to be good against the demurrer, the plea should have alleged as much as the defendant would have to prove on a traverse; and then, if the plaintiff would put the defendant to further proof of the validity of his plea, he could do so by a replication suited to his purpose. *Braley* v. *Burnham*, above cited.

*Pro forma judgment reversed, demurrer sustained, plea adjudged insufficient, and cause remanded.*